UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEDRICE DORSEY,

    Plaintiff,

    v.     CAUSE NO.: 3:19-CV-71-PPS-MGG

PEN INDUSTRIES, et al.,

    Defendants.

OPINION AND ORDER

Kedrice Dorsey, a prisoner without a lawyer, filed a complaint alleging that, on December 20, 2016, he started working for PEN Industries and performed various tasks at the direction of Plant Manager Roark and Supervisor Williams. Dorsey tells me that during his employment, Supervisor Williams and Sergeant Arthur subjected him to a course of harassment based on his race, including suggesting that Dorsey would assault a female staff member, falsely accusing Dorsey of misconduct on multiple occasions, and not allowing him to work if he arrived late even if he had a legitimate reason for doing so. According to Dorsey, Supervisor Williams and Sergeant Arthur did not harass white inmate-employees. Dorsey reported the harassment to Plant Manager Roark, who spoke with Supervisor Williams and Sergeant Arthur in an attempt to stop the harassment, but he was ultimately unsuccessful. Dorsey also filed several grievances against them.

Dorsey further alleges that on March 13, 2018, Officer Crowe searched Dorsey upon his arrival at work. As Officer Crowe patted Dorsey down, he gratuitously

squeezed Dorsey's buttocks. Dorsey complained about the improper search to Supervisor Williams and Sergeant Arthur, but Officer Crowe denied it. Supervisor Williams and Sergeant Arthur sided with Officer Crowe and instructed Dorsey to return to his housing unit. When Dorsey continued to question them, Williams responded that Dorsey was fired and that he could file a grievance.

Dorsey claims that Williams submitted a false classification report to terminate his employment and a false disciplinary report charging Dorsey with disorderly conduct. Dorsey submitted grievances and sought an investigation in accordance with the Prison Rape Elimination Act. On April 3, 2018, a classification supervisor formally terminated Dorsey's employment. Grievance Officer Morson denied the grievance against Office Crowe following an investigation. On April 4, Disciplinary Hearing Officer Winegardner found Dorsey guilty of the offense of arguing with staff.

In his complaint, Dorsey seeks damages and injunctive relief. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dorsey asserts a claim under the Equal Protection Claim against Supervisor Williams and Sergeant Arthur. "Unless it is narrowly tailored to serve a compelling

state interest, racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth Amendment." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). "A plaintiff asserting an equal protection violation must establish that a state actor has treated him differently than persons of a different race and that the state actor did so purposefully." *Id.* "To state a prima facie case [of racial harassment in the employment context] under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that [he]: (1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse employment action; (4) was treated differently from members of the unprotected class; and (5) the defendant acted with discriminatory intent." *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 564 (7th Cir. 2000), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Because the complaint suggests that these defendants subjected Dorsey to a course of harassment on the basis of race, Dorsey states a plausible claim against them under the Equal Protection Clause.

Dorsey also asserts a claim against Officer Crowe for an improper strip search under the Eighth Amendment, alleging that Officer Crowe squeezed his buttocks for the purpose of sexual gratification or to humiliate Dorsey. "A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). Based on the allegations, Dorsey adequately states an Eighth Amendment claim against Officer Crowe.

Next, Dorsey asserts a First Amendment claim against Supervisor Williams for retaliating against him for filing grievances and for reporting the improper strip search by terminating his employment and by submitting false reports. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation omitted). "To state a cause of action for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred." *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (quotation omitted). Based on the allegations, Dorsey adequately states a First Amendment claim of retaliation against Supervisor Williams.

Dorsey also seeks injunctive relief to stop defendants from retaliating for filing grievances, to update training procedures, and to reinstate his employment. Notably, "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quotation omitted). Notably, the complaint suggests that the improper strip search was an isolated incident. Therefore, injunctive relief, if granted, will be limited to ordering the defendants to remedy the retaliation and discriminatory employment

4

practices to the extent required by the First Amendment and the Equal Protection Clause. The Warden of the Miami Correctional Facility has both the authority and the responsibility to ensure that Dorsey receives the relief to which he is entitled. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Dorsey may proceed against Warden William Hyatte in his official capacity for his injunctive relief claim.

Dorsey asserts claims against Sandi Roark, Neil Johnson, H. Winegardner, William Hyatte, Traci Riggle, Nikki Neal, Sharon Hawk, and William Wilson for acting with deliberate indifference toward his complaints of racial harassment and an improper strip search. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quotation omitted). While Dorsey alleges that Officer Crowe, Supervisor Williams, and Sergeant Arthur acted inappropriately, the allegations simply do not describe a substantial risk of serious harm to his health or safety. As a result, Dorsey cannot proceed on an Eighth Amendment claim for money damages against Sandi Roark, Neil Johnson, H. Winegardner, William Hyatte, Traci Riggle, Nikki Neal, Sharon Hawk, and William Wilson.

Dorsey also asserts claims against Shawna Morson and L.A. Van Natta for mishandling his grievances. However, "the alleged mishandling of [a prisoner's]

5

grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Therefore, the claims against Shawna Morson and L.A. Van Natta are dismissed.

Additionally, Dorsey asserts claims against PEN Industries and the Indiana Department of Correction. However, these defendants are State agencies,[1] and the Eleventh Amendment bars citizens from suing State agencies. *See Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987). He also names the Miami Correctional Facility as a defendant, but the facility is a building, not a person or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). As a result, these defendants are dismissed.

For these reasons, the court:

(1) GRANTS Kedrice Dorsey leave to proceed on a claim for money damages against Brad Williams and Michael Arthur under the Equal Protection Clause for racial harassment during the course of his employment with PEN Products;

(2) GRANTS Kedrice Dorsey leave to proceed on an Eighth Amendment claim against R. Crowe for money damages for the inappropriate search on March 18, 2018;

(3) GRANTS Kedrice Dorsey leave to proceed on a First Amendment claim against Brad Williams for money damages for retaliating against him for submitting

---

[1] PEN Products, now known as Indiana Correctional Industries, is a division of the Indiana Department of Correction. *See* https://www.in.gov/idoc/indianacorrectionalindustries/2566.htm (last visited Feb. 25, 2019).

6

grievances and for reporting the inappropriate search by terminating his employment and by filing false reports;

(4) GRANTS Kedrice Dorsey leave to proceed on a claim for injunctive relief against William Hyatte in his official capacity to remedy the retaliation and the discriminatory employment practices to the extent required by the First Amendment and the Equal Protection Clause;

(5) DISMISSES PEN Industries, Sandi Roark, Indiana Department of Correction, Miami Correctional Facility, Nikki Neal, Sharon Hawk, Neil Johnson, H. Winegardner, Traci Riggle, Shawna Morson, William Wilson, and L.A. Van Natta;

(6) DISMISSES all other claims;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Brad Williams, Michael Arthur, R. Crowe, and William Hyatte at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Brad Williams, Michael Arthur, R. Crowe, and William Hyatte to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kedrice Dorsey has been granted leave to proceed in this screening order.

ENTERED: March 29, 2019

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT