UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEDRICE DORSEY,<br><br>      Plaintiff,<br><br>      v.<br><br>PEN INDUSTRIES, et al.,<br><br>      Defendants. | CAUSE NO.: 3:19-CV-71-PPS-MGG |

OPINION AND ORDER

Kedrice Dorsey, a prisoner without a lawyer, filed a motion to reconsider the screening order. ECF 13. In that order, Dorsey was allowed to proceed on an Equal Protection claim against Brad Williams and Michael Arthur for racial discrimination in connection with his employment with PEN Products, an Eighth Amendment claim against R. Crowe for an inappropriate pat down search, and a First Amendment retaliation claim against Williams for employment termination and filing false reports. ECF 8. He was further allowed to proceed on a claim for injunctive relief against Warden Hyatte in his official capacity.

In the instant motion, Dorsey argues that he should have been allowed to proceed on a "failure to intervene" claim against Roark for the alleged employment discrimination and against Warden Hyatte for the alleged employment discrimination, inappropriate pat down search, and retaliation. In the screening order, I dismissed this claim because the allegations did not describe a substantial risk of serious harm to his health and safety. For purposes of constitutional law, a failure to intervene claim is most

commonly asserted in the context of an excessive force claim, s*ee, e.g., Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005); *Fillmore v. Page*, 358 F.3d 496, 505-06 (7th Cir. 2004), and I construed this term accordingly.

It now appears that Dorsey is asserting that Warden Hyatte and Roark were personally involved in the constitutional violations because he informed them of his complaints, but they refused to address them.

> Of course, the defendant prison official cannot be personally liable under a theory of respondeat superior. However, an official satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at [his] direction or with his knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery.

*Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). In the complaint, Dorsey alleges that he regularly informed Roark that Williams and Arthur discriminated against him on the basis of race but that she did nothing to prevent it. Therefore, he may proceed against Roark on the Equal Protection Claim. Dorsey further alleges that he sent letters to Warden Hyatte regarding his claims but that he never addressed them. While it is unclear whether Warden Hyatte received this correspondence, these allegations are sufficient to allow Dorsey to proceed against him on a claim for damages at this stage of the proceedings. *See id. (*"[A]n inmate's letters to prison administrators may establish a basis for § 1983 liability.").

Dorsey also argues that he should have been allowed to proceed against Warden Hyatte and Sandy Roark on a claim under Title VII of the Civil Rights Act of 1964. To

proceed on Title VII claim, a plaintiff must: (1) file a timely charge with the Equal Employment Opportunity Commission or a comparable State agency; and (2) must wait until that agency issues her or him a right-to-sue letter. 42 U.S.C. § 2000e–5. *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). Notably, in the complaint, Dorsey meticulously describes and documents his efforts to obtain relief through the grievance process, to initiate an investigation of his complaint against R. Crowe, to change his classification, and to challenge the finding of guilt in a disciplinary proceeding. However, the complaint lacks any suggestion that Dorsey filed a charge of discrimination with the EEOC or the Indiana Civil Rights Commission or that he received a right-to-sue letter from either agency. Therefore, the motion to reconsider is denied with respect to allowing Dorsey to proceed on a Title VII claim.

Dorsey further argues that he should be allowed to proceed on a breach of contract claim in connection with his employment. Under Indiana law, "to recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). "If there is no definite or ascertainable term of employment, then the employment is at-will, and is presumptively terminable at any time, with or without cause, by either party." *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). "[I]n Indiana, the presumption of at-will employment is strong." *Id*. Significantly, there is nothing in the complaint to suggest that Dorsey was not an at-will employee or that Dorsey had

entered into a contract for a guaranteed term of employment. Therefore, Dorsey may not proceed on a breach of contract claim.

Finally, Dorsey argues that he should be allowed to proceed against PEN Products because it only recently became a State agency. In the screening order, PEN Products was dismissed because the Eleventh Amendment bars suits against a State agency. Dorsey's statement is simply not true. While PEN Products was recently renamed Indiana Correctional Industries, this entity has been a State agency since 1917. Indiana Department of Correction, Indiana Correctional Industries Mission and History, *available at* https://www.in.gov/idoc/indianacorrectionalindustries/2566.htm.

For these reasons, the Court:

(1) GRANTS IN PART the motion to reconsider (ECF 13);

(2) DIRECTS the clerk to re-add Sandy Roark as a defendant;

(3) GRANTS Kedrice Dorsey leave to proceed on a claim for money damages against Brad Williams, Michael Arthur, Sandy Roark, and William Hyatte under the Equal Protection Clause for racial harassment during the course of his employment with PEN Products;

(4) GRANTS Kedrice Dorsey leave to proceed on an Eighth Amendment claim against R. Crowe and William Hyatte for money damages for the inappropriate search on March 18, 2018;

(5) GRANTS Kedrice Dorsey leave to proceed on a First Amendment claim against Brad Williams and William Hyatte for money damages for retaliating against

<mark>4</mark>

him for submitting grievances and for reporting the inappropriate search by terminating his employment and by filing false reports;

(6) GRANTS Kedrice Dorsey leave to proceed on a claim for injunctive relief against William Hyatte in his official capacity to remedy the retaliation and the discriminatory employment practices to the extent required by the First Amendment and the Equal Protection Clause;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sandy Roark at the Indiana Department of Correction with a copy of this order, the screening order (ECF 8) and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Brad Williams, Michael Arthur, R. Crowe, Sandy Roark, and William Hyatte to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kedrice Dorsey has been granted leave to proceed in this screening order.

ENTERED: May 17, 2019.

             /s/ Philip P. Simon
             PHILIP P. SIMON, JUDGE
             UNITED STATES DISTRICT COURT